CHAE IM KIM, aka Chaeim Godwin,
Chaeim Jarmon, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–75210.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Chae Im Kim, Las Vegas, NV, pro se.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Andrew C. MacLachlan, U.S. Department of Justice, Ana T. Zablah–Monroe, Esquire, Trial, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Chae Im Kim, a native and citizen of South Korea, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for adjustment of status. Our jurisdiction is governed by 8

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review legal determinations de novo, *Kohli v. Gonzales*, 473 F.3d 1061, 1065 (9th Cir.2007), and we deny in part and dismiss in part the petition for review.

■ The BIA correctly determined that Kim was ineligible for relief because her conditional lawful permanent resident status was terminated on May 15, 2002, more than 10 months before removal proceedings were initiated. *See* 8 U.S.C. § 1182(h) (an alien previously admitted for lawful permanent residence is ineligible for a 212(h) waiver if the alien has not "lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States").

■ We lack jurisdiction over Kim's contention that the IJ denied her due process by pretermitting her adjustment of status application because she did not raise the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion of claims within the agency's competence is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.